UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-cr-00058-JAW-06 |
| | ) | |
| ANTHONY CAPAROTTA | ) | |

**ORDER DENYING MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE**

The Court denies the Defendant's motion for early termination of his four-year term of supervised release because he failed to comply with the provisions of the sentencing judgment and the conditions of supervised release that require payment of the Court-ordered fine.

## I.     BACKGROUND

On June 18, 2008, a federal jury convicted Anthony Caparotta of engaging in a conspiracy to possess with the intent to distribute marijuana and to distribute marijuana. *Verdict Form* (ECF No. 478). The jury concluded that the amount of the marijuana attributable to the conspiracy involved 100 or more kilograms of marijuana. *Id.* On October 8, 2008, this Court sentenced Anthony Caparotta to sixty-eight months of incarceration followed by four years of supervised release, a fine of $17,900, and a $100 special assessment. *J.* (ECF No. 513). On March 29, 2016, Mr. Caparotta, acting pro se, filed a motion for early termination of his term of supervised release. *Pro Se Letter from Anthony Caparotta to Judge John Woodcock* (Mar. 28, 2016) (ECF No. 744) (*Def.'s Mot.*). On June 6, 2016, the Government filed an opposition to Mr. Caparotta's motion. *U.S. Probation's Obj. to Def.'s Req. for Early*

*Termination of Supervised Release* (ECF No. 746) (*Gov't Opp'n*).  Mr. Caparotta has not filed a reply.

## II.    THE PARTIES' POSITIONS

### A.    Anthony Caparotta's Motion

In his motion, Mr. Caparotta assures the Court that he has "reflected on my life and understand what I did was legally and morally wrong" and that he is "very sorry for my actions." *Def.'s Mot.* at 1.  Noting that he was released from FCI Fort Devens, Massachusetts in December 2012, he said he has "complied with all of the requirements of my probation without incident." *Id.*  He reveals that he has "secured gainful employment" and has been working "since May 2013." *Id.*  In fact, he has been "promoted to a Supervisor position" and has "tried hard to rejoin society as a positive and productive member." *Id.*  He represents that during his "entire time of incarceration, through the half-way house, and my probation I have not had a single negative incident." *Id.*

### B.    The Government's Opposition

In response, the Government notes that Mr. Caparotta was released from the Bureau of Prisons on May 23, 2013 and focuses on his failure to make more of an effort to pay the fine imposed in this case.  *Gov't Opp'n* at 1-2.  The Government represents that Mr. Caparotta has paid only $1,375.00 toward the total fine of $17,900.  *Id.*  The Government observes that in August 2015, Mr. Caparotta took out a car loan, agreeing to pay $301 per month and that in 2015, Mr. Caparotta earned over $33,000.  *Id.* at 2.  In fact, the Government says that on June 1, 2015, the

Probation Office has imposed a new fine repayment schedule for Mr. Caparotta of $150 per month and he has not made the required payments. *Id.*

## III.   DISCUSSION

Under 18 U.S.C. § 3583, a court may terminate a period of supervised release "after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). As Mr. Caparotta has now served more than one year of supervised release, the Court is authorized to terminate his remaining term of supervised release. However, the statute states that the court should consider a set of factors under 18 U.S.C. § 3553(a) in making this decision and the court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* "The showing required for a defendant to obtain a modification of a condition of supervised release pursuant to section 3583(e) is an open question in [the First Circuit]." *United States v. Garrasteguy*, 559 F.3d 34, 43 n.12 (1st Cir. 2009). The same uncertainty attaches to early terminations under § 3583(e). The unanswered question is whether, in modifying or terminating supervised release, the trial court acts within its discretion or whether a defendant must demonstrate changed or extraordinary circumstances. *Compare United States v. Kay*, 283 Fed. App'x 944, 946 (3d Cir. 2008) (reviewing district court's modification of supervised release for abuse of discretion and leaving open the question of whether "significantly changed or extraordinary circumstances" standard is controlling in its modification determination), *with United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of

supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances").

If the higher standard is applicable in the First Circuit, Mr. Caparotta has failed to demonstrate any significantly changed or extraordinary circumstances that would justify either a modification or termination of supervised release. As another court observed, a defendant "is not entitled to early termination simply because he has successfully served a portion of his supervised release." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Nor is he likely to receive a termination of supervised release by mere compliance with its terms because "ultimately that is what is expected of him." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

Assuming that the lower standard applies and the Court has the discretion to modify or terminate Mr. Caparotta's supervised release, the Court declines to do so. First, Mr. Caparotta committed a crime that mandates a minimum period of supervised release of four years. 21 U.S.C. § 841(b)(1)(B). Although the Court retains the authority under § 3583(e)(1) to modify or terminate the supervised release before the full four years has expired, it is cognizant of the statutory directive of four years for this type of crime. Furthermore, as he now acknowledges, the circumstances of Mr. Caparotta's crime were serious. Third, the Probation Office set the $150 monthly payment in June 2015 for Mr. Caparotta to pay down on his fine, but—shortly after the new repayment schedule was established—Mr. Caparotta bought himself a car and incurred a monthly payment obligation of $301, and during this time, he has

4

failed to pay the fine in accordance with the revised schedule of payments. This sequence suggests that Mr. Caparotta cares more about his car than about the Court's Order.

**IV.    CONCLUSION**

Although Mr. Caparotta's general compliance with the conditions of supervised release is admirable, his compliance with his financial obligations under his sentence is not. The Court concludes that Anthony Caparotta has not demonstrated that his four-year term of supervised release should be terminated early. The Court DENIES the Pro Se Request for Early Termination of Supervised Release (ECF No. 744).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2016

5